JOHN H. TURK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Turk v. Commissioner
Docket No. 12186-83.
United States Tax Court
T.C. Memo 1984-531; 1984 Tax Ct. Memo LEXIS 143; 48 T.C.M. (CCH) 1288; T.C.M. (RIA) 84531; October 3, 1984. John H. Turk, pro se. Crispin G. Cantrell, for the respondent. COHEN MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies in petitioner's Federal income taxes for 1979 and 1980 as follows: Additions to Tax
Year
Deficiency
Section 6651(a)
Section 6653(a)
Section 6654 [1]
1979
$3,173.00
$748.00
$159.00
$124.65
1980
3,183.00
757.00
159.00
192.87
After concessions *144 by the parties, the only remaining issue is whether petitioner has overcome the presumption of correctness of respondent's reconstruction of his income for 1979. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulations and exhibits thereto are incorporated herein by this reference. Petitioner was a resident of Wisconsin at the time he filed his petition herein. Petitioner did not file timely Federal income taxes for 1979 or 1980. From third-party information, respondent determined that petitioner had received wage income, interest income, and dividend income during those years. In addition, respondent also determined that petitioner received $10,621 income from self-employment during 1979. That amount was determined by reference to his income tax return filed for 1977, which reported net income from carpentry in the amount of $7,807. To that reported net amount, respondent added unsubstantiated expenses claimed by petitioner in 1977. Although petitioner had filed a tax return for 1978, respondent used the 1977 amounts in determining net income for self-employment in 1979 because petitioner's 1978 return reported only a small amount of income *145 from carpentry. Commencing during the latter part of 1979, petitioner was an insurance salesman for the Mutual Life Insurance Company of New York. His earnings from that employment were $4,154.06 in 1979 and $17,847.97 during 1980. During those years petitioner received dividend and interest income and engaged in various investment transactions. Shortly prior to trial, petitioner filed belated individual income tax returns for 1979 and 1980. On those returns, he reported the wages, interest, and dividends determined by respondent and certain capital transactions. He also claimed various deductions, which have now been conceded by respondent. OPINION The petition filed herein contained various frivolous arguments, which petitioner apparently abandoned only after notice setting the case for trial was sent to him. His belated returns for the years in issue were filed only a few days prior to trial. Those returns did not report any income from carpentry, and petitioner denies that he had any such income during the years in issue. Respondent, understandably in view of the history of this proceeding, is reluctant to accept petitioner's denials that he had unreported *146 income beyond that now admitted by him. Respondent contends that the funds expended by petitioner during the years in issue are not accounted for by his belatedly reported wage, dividend and interest income, and that, therefore, he must have had other income. Respondent further contends that the most likely source of such other income is the carpentry business conducted by petitioner in earlier years. Petitioner has the burden of proving that respondent's determination is incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. During trial he testified that during 1979 he had cash available from various sources not representing taxable income during 1979. He claimed that he had cash available from the February 1978 sale of stock for $8,835, reported on his 1978 return; sale of a truck previously used in his business; sale of slide projectors and tape recorders; amounts borrowed from credit card companies; return of an earlier investment; and loan proceeds. He produced no documentary support for his testimony. Petitioner also contends that the amount of expenditures attributed to him by respondent for the *147 year 1979 is erroneous. Respondent contends that petitioner made a loan of $9,750 during 1979, as evidenced by a note payable to petitioner dated April 1979. Petitioner contends, however, that the loan was made during 1978. Petitioner claims that the loan became worthless in 1980. (Petitioner presented no evidence that the loan in fact became worthless in 1980, but respondent's concession as to deductions and statement of the remaining issues removes that from the Court's consideration.) Notwithstanding some reservations about the degree of candor exhibited by petitioner and on the basis of the entire record, we conclude that his explanation is plausible and that his testimony is uncontradicted and unimpeached. From the record it appears that petitioner abandoned the carpentry business no later than 1978 and engaged in other activities during the years in issue. Petitioner has thus satisfied his burden of proving that respondent's determination is erroneous. See Federal National Bank of Shawnee v. Commissioner,180 F.2d 494 (10th Cir. 1950). Petitioner also has the burden of proof with respect to the additions to tax. Bixby v. Commissioner,58 T.C. 757 (1972). *148 Petitioner presented no evidence that he had reasonable cause for failure to file his returns, and, under the circumstances, it appears that none exists and that any underpayment of his taxes for 1979 and 1980 was due to negligence or intentional disregard of rules and regulations. The additions to tax under sections 6651(a) and 6653(a) must be sustained. Unless an exception appears upon recomputation of the deficiencies in accordance with this opinion, the additions to tax under section 6654(a) are mandatory. Grosshandler v. Commissioner,75 T.C. 1, 20-21 (1980). Dicision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩